UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINCENT FILIPPONE,

    Plaintiffs,

v.                                                       Case No: 6:12-cv–307-Orl-22TBS

DHD INVESTMENTS, LLC d/b/a
REBATH OF MID FLORIDA and
DOUGLAS E. DENBOER

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Amended Joint Motion for Approval of Settlement. (Doc. 25). The settlement resolves all of Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. I have examined the motion and the Settlement Agreement, and for the reasons set forth herein, respectfully recommend that the Court strike the provision on confidentiality from each Plaintiff's agreement and then grant the parties' motion.

### I. Background

According to Plaintiff Vincent Filippone's Complaint and his responses to the Court's interrogatories, the Defendants employed him from September 2007 until May 2011 as an "installer" performing bathroom installations. (Docs. 1, 17). Filippone alleges that the Defendants mistakenly classified him as exempt from overtime and consequently, he is owed $1,789.20 in damages. (Doc. 17). Filippone filed a notice of

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

opt-in Plaintiff Carlos Maldonado (Doc. 6), who should be added as a party plaintiff to this action. The Defendants admit that Defendant Rebath of Mid Florida employed Filippone but deny that Defendant Denboer employed him. (Doc. 9). All Defendants deny liability. (Id.) The parties have advised the Court that they had fully settled both Plaintiffs' claims and they filed a motion to approve their settlement agreements. (Docs. 19, 21). The Defendants have agreed to pay Filippone $1,200 in back pay, $50 for the execution of a general release, and $2,000 in attorney fees. The Defendants have agreed to pay Maldonado $450 in back pay, $50 for the execution of a general release, and $1,000 in attorney fees. I found the parties' original motion and settlement agreements deficient because they contained language stating that the settlement terms were confidential; the motion and settlement agreements were silent on the issue of liquidated damages; and counsel had failed to file affidavits and billing records to support the payment of attorney's fees. (Doc. 22). Rather than recommend denial of the parties' motion, I outlined my concerns and gave the parties leave to revise their papers. (Id.) The parties have filed their revised motion which addresses all of my earlier concerns except the confidentiality provisions in the settlement agreements. (Doc. 25).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a

proposed settlement agreement and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, the Court has reviewed the terms of the parties' settlement agreement within the framework set by this case and has concluded that the revised motion should be granted.

The Court must first decide whether the agreement is fair and reasonable to Plaintiff. If the Court finds the agreement is fair, then it must examine the agreement to determine whether it otherwise "impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise)." Dees, 706 F. Supp. 2d at 1241. Each party is represented by counsel. Their attorneys agree they have made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of [Plaintiffs'] claim." Id. at 1243. They also agree that this settlement is a fair and reasonable compromise of this dispute.

Defendants have agreed to pay (1) Filippone $1,200 in back pay and $50 for signing a general release; (2) Maldonado $450 in back pay and $50 for signing a general release; and (3) $3,000 for attorney's fees. (Id.) The parties agree that Defendants are not paying liquidated damages to Plaintiffs. Under the FLSA, a plaintiff is typically entitled to recover unpaid wages plus an equal amount of liquidated damages. 29 U.S.C. § 216(b). Here, the parties agree that the disputed issues are significant and there is a possibility that if the case is not settled, Plaintiffs will not recover anything. (Doc. 25 at 3). Accordingly, as a condition of the settlement, Plaintiffs have agreed that the Defendants will not pay liquidated damages. The parties' explanation provides an adequate ground to support their compromise and the other monetary terms appear to be fair and reasonable.

Paragraph 11 of both settlement agreements contains language stating that the terms of settlement are confidential. (Docs. 21-1 ¶ 11; 21-2 ¶ 11). A provision requiring confidentiality contravenes FLSA policy and is unenforceable. Dees, 706 F. Supp. 2d at 1242-43. Therefore, I recommend that the Court sever, strike and delete Paragraph 11 from both settlement agreements. The agreements contain a severance clause stating that if any part of the agreements is found by the Court to be illegal the other terms of the agreements shall remain in effect. (See Docs. 21-2 ¶ 16; 21-2 ¶ 14).

The parties have not represented that counsel's fees were negotiated separately from Plaintiffs' claims or that the fees do not affect the amounts to be paid to Plaintiffs. Accordingly, the Court must perform a lodestar analysis of counsels' fees. In the Eleventh Circuit, courts are required to use the lodestar approach to determine reasonable attorney's fees. See Norman v. Housing Authority of City of Montgomery,

- 4 -

836 F.2d 1292 (11th Cir. 1988).  The Court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Norman, 836 F.2d at 1299.  The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303.  A movant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates.  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th 1996).

The attorney representing the Plaintiffs' has filed his affidavit including itemized time records showing that that he expended 14.4 hours at his regular rate of $250 per hour and paralegals expended a total of 4.5 hours the firm's regular hourly rate of $100 per hour resulting in a total fee of $4,087.50 plus $1,340 in costs.  (Doc. 25-1).  Plaintiffs' attorney has also filed a third party affidavit attesting to the reasonableness of Plaintiffs' counsel's fee.  (Doc. 25-2).  However, counsel has agreed to accept the total sum of $3,000 in full payment of all fees and costs.  The Plaintiffs' lawyer has been practicing law since 2004, with the majority of his time being spent in the field of labor and employment law.  (Doc. 25-1).  Based upon counsel's experience and my own experience and knowledge of market rates, I find that $250 per hour for the services of Plaintiff's attorney and $100 per hour for the services of paralegals is reasonable.  After reviewing counsel's time records, I also find that the amount of hours expended by counsel on this case is reasonable.  Multiplying the rate I find reasonable by the number of hours I find were reasonably expended on this matter results in a fee of $4,087.50, which is more than counsel has agreed to accept and counsel has agreed that the reduced sum includes costs.  Accordingly, I find the amount to be paid to Plaintiff's attorney for fees and costs is reasonable.

Upon consideration of the foregoing, I find that the parties' proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute and hereby **RESPECTFULLY RECOMMEND** that the Court:

1. **DIRECT** the Clerk to **ADD** Carlos Maldonado as a party plaintiff in this case.

2. **SEVER, STRIKE** and **DELETE** Paragraph 11 from both settlement agreements.

3. **GRANT** the parties' Amended Joint Motion for Approval of Settlement (Doc. 25) including the modified settlement agreements.

4. **APPROVE** the parties' settlement agreements as modified by the removal of Paragraph 11 from each.

5. **TERMINATE** all other pending motions.

6. **DISMISS** this action with prejudice.

7. **DIRECT** the Clerk to close the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 26, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record